# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| STEPHEN WILLIAMS, | |
| Plaintiff, | CASE NO. |
| vs. | |
| DANIELI, INC., ELLIE APTISHEVA | Amount Claimed in Excess of $75,000 plus court costs and attorney's fees. |
| Defendant. | |

## VERIFIED COMPLAINT

COMES NOW, the Plaintiff, STEPHEN WILLIAMS ("Plaintiff" or "Mr. Williams"), by and through his attorneys, WASHINGTON LAW OFFICES, P.C., and files this Verified Complaint against Defendants, DANIELI, INC. ("Defendant" or "Daniele, Inc.") and Ellie Aptisheva ("Ellie") as to the diversity of the parties, Plaintiff states as follows:

## THE PARTIES

1. Plaintiff is a resident and citizen of South Dakota.

2. Defendant Danieli, Inc. is an Illinois Corporation with its principal place of business in Illinois.

3. Defendant Ellie Aptisheva is the co-owner of Danieli, Inc. and resides in and has citizenship in this district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and Federal Rule of Civil Procedure 64 because there is complete diversity and the amount in controversy exceeds $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1391 (b) because the Defendant resides in this District and conducts business in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 139l(b) as the acts and transactions that give rise to this action occurred in this District. Venue is also proper in this District since the Defendant can be found, have agents, and transact substantial business in this District.

7. This Court has personal jurisdiction over Plaintiff because his citizenship is South Dakota.

8. This Court has personal jurisdiction over Danieli because Danieli is authorized to do business in this District, conducts substantial business in the District and some of the actions giving rise to the Complaint took place in the District.

9. This Court has personal jurisdiction over Danieli because Danieli has continuous and systematic general business contacts in this District.

10. At all times relevant hereto, Danieli has been an Illinois corporation engaged in transportation and delivery business in Illinois and throughout the United States.

11. This Court has personal jurisdiction over Defendant Ellie Aptisheva because she is the co-owner of Danieli, Inc. and resides in and has citizenship in this district.

## FACTUAL BACKGROUND

12. On April 4, 2023, Mr. Williams entered into an employment contract dated April

4, 2023 with Danieli, Inc ("Company"). **Exhibit A**.

13. In April 2023, Mr. Williams began working at Danieli as a truck driver, he was responsible for transporting loads to different locations as instructed by Danieli.

14. Danieli is owned by Ellie Aptisheva and Daniel.

15. Throughout his employment with Danieli, Plaintiff was misclassified as an independent contractor, consistently underpaid, and his pay was deducted.

16. Defendant violated multiple provisions of the Illinois Wage Payment and Collections Act, 820 ILCS § 115.

17. Defendant made deductions from Plaintiff's paychecks, which he did not consent to and was not alerted to beforehand.

18. The employment contract states that Plaintiff would receive either a Volvo or Freightliner 2020-2023. This did not occur. The tractor assigned to Plaintiff was a 2019 Freightliner.

19. Throughout Plaintiff's employment, he became aware that Defendants were underpaying him, deducting his pay, and not paying him for multiple stops.

20. The contract explicitly states that Mr. Williams would be paid .68cpm (cost per mile) but he has not been paid for all his work-related miles.

21. The contract indicates that Mr. Williams would be paid detention between $15-$100. This did not occur.

22. Mr. Williams' deductions in escrow continued after 10 weeks but were refunded.

23. The contract states multiple stops are paid $25 for each stop. Mr. Williams did not receive his multi-stop load pay of $25 for each stop.

24. Pay statement #13 did not include another multi-stop load, zero-stop bonuses received for eight-stop loads. **Exhibit B**.

25. For other multiple stops, he was only paid approximately ¾ pay for the multiple stops.

26. Mr. Williams has not received a pay raise nor received a minimum of $1500 per week as the job description indicated. **Exhibit C**.

    **According to Danieli's job description:**

    - Pay Raise after 90-day performance evaluation
    - Bonuses up to $5,000+ (Quarterly safety, holiday, loyalty, performance & V.I.P Vacation bonuses!)
    - Weekly cash advances (Up to $250)
    - PTO & paid holidays (After 6 months with Co.)
    - Growth support (You can become an owner operator, or grow a fleet with us)
    - Pet & Rider policy
    - Health & Wellness packet ($4 a week)
    - Free Gym Membership monthly

27. Plaintiff relied on the Defendants' misrepresentation and job description.

28. Defendant knowingly permitted or otherwise caused wrongfully denied payment of compensation to Plaintiff by actively participating in the decision-making to do so.

29. Plaintiff is a resident of South Dakota and worked as a per driven mile paid non-exempt employee for Defendant in the state of Illinois, during the applicable statute of limitations period, and at all relevant times was a full-time "employee" within the meaning of the IWPCA, 820 ILCS § 115/2.

30. "For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation. Payments to separated employees shall be termed "final compensation" and shall be defined as wages, salaries, earned commissions, earned

bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties." 820 ILCS 115/2.

31. Defendants committed several common law violations, namely, fraud in the inducement and fraudulent misrepresentations.

32. On the following dates May 21st at 14:25, June 8, 2023, at 15:52, June 19, 2023, at 13:36, and June 22, 2023, at 12:39, Danieli's representatives made several illegal requests to have Mr. Williams personally convey to shipping/receiving locations. While parked at a fuel station, Plaintiff was told to remain the sleeper and attend to the maintenance of the truck while shut down at the fuel station. This is against federal law for maintenance to be done during duty work hours and not while a driver is in the sleeper on off-duty mode.

### COUNT I: VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT AGAINST DEFENDANTS DANIELI, INC. AND ELLIE APTISHEVA

33. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 – 32 as if set forth fully in this Count.

34. The Illinois Wage Payment and Collections Act ((820 ILCS 115/) protects Illinois workers from misclassification, underpayment of wages and compensation, unauthorized deductions, and untimely payment of earned compensation. Just like other Illinois wage laws, the IWPCA is a public interest law.

35. Under Section 2 of the IWPCA, "For all employees, other than separated employees, "wages" shall be defined as any compensation owed an employee by an employer pursuant to an employment contract or agreement

between the parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." (820 ILCS 115/2).

36. Under Section 10 of the IWPCA, "Employers shall notify employees, at the time of hiring, of the rate of pay and of the time and place of payment. Whenever possible, such notification shall be in writing and shall be acknowledged by both parties. Employers shall also notify employees of any changes in the arrangements, specified above, prior to the time of change." (820 ILCS 115/10).

37. Under Section 13 of the IWPCA, "In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permits such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation." (820 ILCS 115/13).

38. Under Section 14(a) of the IWPCA, "Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such an employee shall also recover costs and all reasonable attorney's fees.

39. Plaintiff received weekly wages from the Defendants. Defendants did not withhold state or federal taxes. Defendants wrongfully classified Plaintiff as an independent contractor even though he is treated like an employee.

40. Defendants did not notify Plaintiff of any pay changes and failed to pay him .68cpm, and .70cpm after evaluation, his weekly pay of $1500, and pay for multiple stops, no detention pay between $15 to $100 per hour.

41. Defendants failed to pay Plaintiff on time on July 13, 2023, and continued to deduct his escrow past 10 weeks when escrow is supposed to stop at 10 weeks.

    **WHEREFORE**, the Plaintiff respectfully prays this Honorable Court to award him actual damages, punitive damages, and reasonable attorney's fees and cost of suit.

## COUNT II: FRAUD IN THE INDUCEMENT
## AGAINST DEFENDANTS ELLIE APTISHEVA AND DANIELI, INC.

42. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 – 41 as if set forth fully in this Count.

43. During Plaintiff's interview and orientation, Defendant Ellie Aptisheva made the following false statements of material facts, orally and/or in writing to Plaintiff:

    **a.** The company would pay Plaintiff for his work for Danieli at $0.68 per mile driven, without any fees or fines, nor charges deducted from his pay;

    **b.** That Plaintiff would be required and expected to work for the company only, using Defendant company's equipment, i.e., their truck and trailer.

    **c.** He was told that the detention was $40/hour despite what the contract states.

    **d.** He was told when taking leave that the dispatcher would get him as close to home as they could and then he would go on leave, and this would not cost him anything. Plaintiff has taken two leaves and has been deducted for both leaves.

44. Any misrepresentations of material facts or otherwise fraudulent misrepresentations were made by Defendant Ellie Aptisheva on behalf of and

for the benefit of Defendant's company, as well as for their own personal benefit.

45. Ellie instructed Plaintiff on the routes to make, Stephen Willaims informed Ellie on May 8, 2023, that there were no deposits made in his account for the "Washington to Illinois" load.

46. Stephen Williams informed Ellie about the various discrepancies in payments for miles. **Exhibit D**.



47. There were some additional discrepancies for the 5th statement pay date of May 25, 2023, Pay period of May 10 to May 16, 2023. Routes between the multiple stops likely weren't tracked since the statement says NJ to Lombard IL and doesn't add any of the other multiple stops.

48. Plaintiff was not paid $25 for the multiple stops.

49. In addition to the number of wages that the Defendants owe to Plaintiff as a result of their failure to pay his owed wages, as well as attorneys' fees and costs incurred as a result of their action, Plaintiff is entitled to punitive damages in an amount to be determined by the trier of fact because:

50. Defendants Ellie Aptisheva and Danieli knowingly and willfully made false statements of material fact to Plaintiff and withheld from them true statements of material fact and did so on behalf of and for the benefit of Defendant's company, with an intent to induce Plaintiff's reliance on individual Defendant's statements. The information individual Defendant Ellie Aptisheva withheld did induce Plaintiff to accept job offers and work for Defendant in reliance on false statements, to Plaintiff's detriment, as they were underpaid and misclassified. Defendant thus caused damages to Plaintiff.

    **WHEREFORE**, the Plaintiff respectfully prays this Honorable Court to award him actual damages, punitive damages, and reasonable attorney's fees and cost of suit.

## COUNT III: BREACH OF CONTRACT
## AGAINST DEFENDANT DANIELI, INC.

51. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 – 50 as if set forth fully in this Count.

52. Under Illinois law, there are four elements to a breach of contract claim: (1) the existence of a valid and enforceable contract, (2) performance by the plaintiff, (3) breach of

contract by the Defendant, and (4) resultant injury to the Plaintiff. Gallagher Corp. v. Russ, 309 Ill. App. 3d 192, 199, 741 N.E.2d 605, 611 (Ill. App. 1999).

53. Plaintiff performed all obligations under the Agreement by working for the Defendant, tendering loads to the designated locations, and other duties as his job description details.

54. A valid contract exists between the parties.

55. The defendant breached the contract by failing to provide a Volvo or Freightliner 2020-2023, not being paid .68cpm, not being paid for all his work-related miles nor receiving his multi-stop load pay of $25 for each stop.

56. Pay statement #13 does not include another multi-stop load or zero-stop bonuses received for eight-stop loads. For other multiple stops, he was only paid approximately ¾ pay for the multiple stops.

57. Mr. Williams has not received a pay raise nor received a minimum of $1500 per week as stated in the contract.

58. Plaintiff has incurred substantial harm and damages as a direct and proximate result of Defendant.

59. Defendant has caused Mr. Williams damages in excess of $75,000.00.

**WHEREFORE**, the Plaintiff respectfully prays this Honorable Court to award him actual damages and reasonable attorney's fees and costs of suit.

### COUNT IV: EMPLOYMENT MISCATEGORIZED IN VIOLATION OF ILLINOIS WAGE PAYMENT AND COLLECTIONS ACT ((820 ILCS 115/) AGAINST DANIELI

60. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 – 59 as if set forth fully in this Count.

61. The Illinois Wage Payment and Collections Act ((820 ILCS 115/) protects Illinois workers from misclassification, underpayment of wages and compensation, unauthorized deductions, and untimely payment of earned compensation. Just like other Illinois wage laws, the IWPCA is a public interest law.

62. Under Section 3 of the IWPCA, "Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." (820 ILCS 115/3).

63. Under Section 4 of the IWPCA, "All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned. All wages paid daily shall be paid insofar as possible on the same day as the wages were earned, or not later in any event than 24 hours after the day on which the wages were earned." (820 ILCS 115/4).

64. Employee misclassification occurs when employers fail to properly classify a worker as either an independent contractor or an employee.

65. It is the right or duty to supervise and control, not the exercise of the right, which determines whether a principal-agent relationship exists. *Powell v. Dean Foods Co.,* 2013 IL App (1st) 082513–B, ¶ 70, 379 Ill.Dec. 837, 7 N.E.3d 675. In considering whether a person is an agent or an independent contractor, courts should also consider the following factors: "(1) the question of hiring; (2) the right to discharge; (3) the manner of the direction of the servant; (4) the right to terminate the relationship; and (5) the character of

the supervision of the work done." *Lawlor,* 2012 IL 112530, ¶ 44, 368 Ill.Dec. 1, 983 N.E.2d 414. *McHale v. W.D. Trucking, Inc.*, 396 Ill. Dec. 46, 68 (Ill. App. Ct. 2015).

66. Mr. Williams is not the owner of one of Danieli's trucks.

67. Mr. Williams does not maintain maintenance on the truck.

68. He does not pay for his fuel, repairs, tolls, and other costs.

69. Danieli's dispatchers select his routes.

70. Mr. Williams does not set his hours or hourly wages, Danieili does.

71. Danieli controls Plaintiff's rest stops, which routes they took where they refueled their trucks, and where their trucks are stored.

72. The truck that Mr. Williams drives has "Danieli" printing on the exterior.

73. Mr. Williams is not free to decline any particular job, and requires permission to accept other jobs and to take time off.

74. Danieli controls all the actions of Plaintiff while Plaintiff is at work.

75. Danieli has the right to discharge Plaintiff.

76. Defendant provides the truck for Plaintiff's use only at work.

77. Plaintiff is paid as an independent contractor, but this factor does not outweigh the other factors.

78. Danieli instructed him on which type of fuel to use, where to park, and how to inspect and maintain equipment.

79. Danieli pays for fuel and chooses where Plaintiff fuels which is at only Loves locations.

80. Defendant chooses which loads he will pick up and where those loads are going between the Defendant's company and the brokers.

81. Danieli chooses the routes that Plaintiff takes which are determined by their system. Their system aligns with Google Maps to select the shortest distance.

82. Plaintiff is reprimanded if he deviates from Google Maps directions.

83. Danieli set appointment times for the shipper and receivers.

84. Danieli controls and sets Plaintiff's break times and sets the minimum break time of thirty minutes prior to 8 hours of consecutive driving which is required by law.

85. Danieli pays for all weight scales.

86. Danieli does not pay for any toll violations or parking tickets of Plaintiff.

87. Defendant knowingly and willfully violated the IWPCA, being employers, who, being able to pay wages, and being under a duty to pay, willfully refused to pay as provided in the IWPCA, with intent to defraud Plaintiff.

**WHEREFORE**, the Plaintiff respectfully prays this Honorable Court to award him actual damages, punitive damages, and reasonable attorney's fees and cost of suit.

### JURY DEMAND

Mr. Williams respectfully demands a jury trial on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Stephen Williams, respectfully requests that the Court enter a judgment in his favor and against Danieli, Inc. and Ellie Aptisheva after a jury trial:

A. In an amount to be determined by the jury, but in excess of $75,000.00;

B. Award Mr. Williams for compensatory damages, including, but not limited to, lost wages and benefits, in such amount as will reasonably compensate him for his losses, damages for breach of contract, violation of IWPCA, violation of Illinois Wage Payment and Collections Act and damages for emotional distress;

    C.  Award civil monetary penalties;

    D.  Awarding such other and further appropriate relief;

    E.  In favor of Mr. Stephen Williams for attorney's fees and costs;

    F.  and for other relief, the Court deems just and proper.

Respectfully Submitted,

/s/ Maudia Washington
Washington Law Offices, P.C
Bar No. 6319403
Attorney for Plaintiff
1600 Golf Road
Suite 1203
Rolling Meadows, IL 6008
maudia@ilwashingtonlaw.com
Telephone: 888.586.4441